KAREN A. OVERSTREET
Bankruptcy Judge
700 Stewart Street, Rm. 7216
Seattle, WA  98101

(206) 370-5330

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re                                )
                                     )   Chapter 13
ROBERT SCHRANER and                  )
ELAINE K. SCHRANER,                  )
                                     )   Bankruptcy No. 03-23465
                                     )
        Debtors.                     )
                                     )   **MEMORANDUM DECISION**
                                     )   **AND ORDER ON**
                                     )   **OBJECTIONS TO CLAIMS AND**
_____)   **REQUEST FOR FEES**

     This matter came before the Court on the debtors' objections to proofs of claim filed in the above case by Sonoma County Credit Service (Claim No. 1 in the amount of $1,388.23), Eel River Valley Surgical Group (Claim No. 2 in the amount of $7,422.16), Discover Financial Services (Claim No. 4 in the amount of $8,899.99), American Express Centurion Bank (Claim No. 5 in the amount of $1,102.54), and Garry Montanari for Elizabeth Weglarz (Claim No. 7 in the amount of $55,057.98).  The creditors did not respond to the debtors' objections and the debtors have submitted a declaration of no response and a proposed order disallowing each claim on the ground that no response to the objection has been filed.  For the following reasons, the Court will deny the debtors' request to disallow these claims, with the exception of the claim filed by Garry

MEMORANDUM DECISION AND ORDER - 1

Montanari for Elizabeth Weglarz.

## I. BACKGROUND

The debtors commenced this case under Chapter 13 of the Bankruptcy Code[1] on October 17, 2003, and confirmed their Amended Chapter 13 plan on September 17, 2004. The confirmed plan states that the anticipated dividend to unsecured creditors will be 1% of the amount of their claims and that $633.75 is the liquidation value of the estate. On October 28, 2004, the Chapter 13 trustee filed his Report of Filed Claims, showing every claim filed in the case as of that date.

The claims objections were filed on October 27, 2004. The next day, October 28, counsel for the debtors filed an application for fees in the amount of $1,315. No one objected to the fee application and the debtors have submitted a proposed order allowing the fees as requested.

## II. DISCUSSION

**A. Summary of the Court's Decision in *Henry*.**

This Court issued the decision in *In re Henry*, 311 B.R. 813 (Bankr. W.D. Wash. 2004) in an effort to establish reasonable and cost-effective guidelines for dealing with small proofs of claim, including credit card claims, in Chapter 13 cases. In *Henry*, this Court held that the failure to comply with Rule 3001(c) by attaching the writing upon which the claim is based negates the

---

[1] Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

MEMORANDUM DECISION AND ORDER - 2

*prima facie* validity of the claim under Bankruptcy Code § 502(a). *See In re Consolidated Pioneer Mortgage*, 178 B.R. 222, 226 (9th Cir. BAP 1995); *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992); *In re Petrich*, 43 F.2d 435, 437 (S.D. Cal. 1930); *In re Lindell Drop Forge Co.*, 111 B.R. 137, 142-43 (Bankr. W.D. Mich. 1990). This Court also held that a credit card debt is a claim based upon a writing and that to maintain *prima facie* validity, a creditor should attach to its proof of claim form or file in response to a claims objection (i) a sufficient number of monthly account statements to show how the total amount asserted has been calculated, and (ii) a copy of the agreement authorizing the charges and fees included in the claim. Finally, this Court held in *Henry* that in the absence of that minimum evidentiary presentation, the creditor's claim could be disallowed.

Recently, the Court clarified its decision in *Henry* in a case entitled *In re Crowe*, Bankruptcy Case No. 02-21809 (Bankr. W.D. Wash. 1/18/05). In *Crowe*, this Court confirmed the ability of a creditor to file a summary of its claim when the documentation supporting the claim is voluminous. The Court adopts the holding of the court in *In re Cluff*, 313 B.R. 323 (Bankr. D. Utah 2004), which established the following guidelines for the form of the summary: (i) it should include the amount of the debt(s), (ii) it should identify the name and account number of the debtor, (iii) it should be in the form of a business record or some other equally reliable format, and (iv) if the claim includes charges such as interest, late fees and attorneys' fees, the summary should break down each of those charges by

MEMORANDUM DECISION AND ORDER - 3

category. *Id.* at 335. The filing of a summary, however, does not relieve a creditor of its obligation to provide all documents supporting the claim to the debtor upon request. *In re Shank*, 315 B.R. 799, 816 (Bankr. N.D. Ga. 2004); *In re Kemmer*, 315 B.R. 706, 715 (Bankr. E.D. Tenn. 2004); *In re Cluff*, 313 B.R. at 335-36. Nor does the filing of a summary negate the requirement that a creditor check the box in paragraph 4 of the proof of claim form if the claim includes interest or other charges in addition to the principal amount of the claim and to attach, if applicable, an "itemized statement of all interest or additional charges." Official Bankruptcy Form 10, ¶ 4(Proof of Claim).

**B.   Application of *Henry* and *Crowe* to the Facts.**

The Court has reviewed each of the claims and the substance of the debtors' objection to each claim.

The debtors have objected to Claim No. 1 filed by Sonoma County Credit Service in the amount of $1,388.23. The objection is based solely on noncompliance with *Henry*. The claim was timely filed and it contains a complete summary of the debt, including the account number, the date that medical services were provided to the debtors, and the amount of interest that has been charged. If the debtors have a substantive objection to the amount of interest or to the validity of the claim, that objection should be made. The debtors can certainly determine from what has been filed whether the services were actually provided. This Court concludes that the creditor has provided information sufficient under *Henry* to enable the debtors to make a substantive objection to the claim.

MEMORANDUM DECISION AND ORDER - 4

The debtors have objected to Claim No. 2 filed by Eel River Valley Surgical Group in the amount of $7,422.16. The claim is for medical services and the statement attached shows the date of the procedure, the type of the procedure, the patient (Robert Schraner), the doctor who performed the procedure, and the charge for the service. The debtors' objection asserts that the claim "seems to suggest that interest has accrued since the date of the original cost assessment." This Court sees no evidence of that - it does not appear that any interest or other charges have been added. The debtors contend that the creditor should be required to submit a signed contract for these services. This claim is sufficient - the debtors should be able to determine whether these services were provided to them. They do not need a signed contract from the creditor to determine that. This claim will not be disallowed.

The debtors have objected to Claim No. 4 filed by Discover Financial Services in the amount of $8,899.99. The objection is based solely on noncompliance with *Henry*. The creditor has attached a summary of the debt to the proof of claim form, but that summary does not itemize the amount of principal, interest or other charges. Accordingly, the creditor will be allowed additional time to supplement its claim with that information as well as to provide proof of its right to collect any interest or other charges.

The debtors have objected to Claim No. 5 of American Express Centurion Bank filed in the amount of $1,102.54. The objection is based solely on noncompliance with *Henry*. This proof of claim

MEMORANDUM DECISION AND ORDER - 5

complies with *Henry* and will not be disallowed. Attached to the proof of claim is a statement showing each and every purchase made separately by Robert and Elaine Schraner, including the date of the charge, the vendor, and the amount of the charge. No interest or other fees have been included in the claim.

Finally, the debtors have objected to Claim No. 7 filed by Garry Montanari on behalf of Elizabeth Weglarz, Mr. Schraner's former wife. The claim states that it is for unpaid child support and maintenance; specifically, medical services provided to a minor child of Mr. Schraner. A detailed statement of how the claim arose is attached to the proof of claim form. Although the statement indicates that a judgment against Mr. Schraner for the claim amount, $55,057.98, is attached to the proof of claim, the judgment is not attached. Even without a copy of the judgment, however, the proof of claim with the detailed statement is more than sufficient to survive an attack under *Henry*. The debtors have made a substantive objection to the claim, however, contending that it is a duplicate of Claim no. 6 filed by Palmer Systems, Inc. As neither Ms. Weglarz nor Mr. Montanari have filed a response to the objection, the Court will disallow the claim on the ground that it is a duplicate of Claim No. 6.

**C. The Debtors' Request for Attorneys Fees.**

Counsel for the debtors has filed a fee application requesting reimbursement of $1,315 for legal fees incurred in the case. The fee application includes a $250 charge for each of the claims objections filed. For the foregoing reasons, the Court finds that the objections to all but two of the claims are not

MEMORANDUM DECISION AND ORDER - 6

well taken and should not have been filed. The Court will not further reduce the dividend to be paid to unsecured creditors by permitting recovery of the fees incurred in making these objections. Accordingly, $1,000 of the fees requested (representing $250 for each of the four objections being denied) will be disallowed,[2] leaving a balance of $315 for allowance.

**CONCLUSION**

Based upon the foregoing analysis, the Court will enter the subjoined order denying the debtors' objections to Claim Nos. 1, 2, and 5, granting Discover Financial Services (Claim No. 4) additional time to provide support for its claim, and granting the debtors' objection to Claim No. 7 of Elizabeth Weglarz.

**ORDER**

For the foregoing reasons, it is hereby ORDERED that:

1. The debtors' objections to Claim No. 1 (Sonoma County Credit Service), Claim No. 2 (Eel River Valley Surgical Group), and Claim No. 5 (American Express Centurion Bank) are DENIED;

2. Discover Financial Services (Claim No. 4) shall be given 45 days from the date of this Order to supplement its claim with additional information or supporting documentation, which must include at a minimum (i) a statement itemizing the total amount of the debt, including principal, interest and other charges; and (ii) if such creditor is seeking interest or other charges in addition to principal, the agreement or other authority for the

---

[2] If the debtors' objection to Claim No. 4 is ultimately sustained, counsel for the debtors may reapply for the fees incurred in making the objection to that claim.

MEMORANDUM DECISION AND ORDER - 7

amount or validity of the interest or charge. In the event that Discover Financial Services fails to provide the foregoing information, the Court may determine the amount of the claim based upon the documents on file with the Court or disallow the claim in its entirety;

    3. The debtors' objection to Claim No. 7 of Elizabeth Weglarz is GRANTED and that claim is DISALLOWED;

    4. The debtors shall promptly serve a copy of this Memorandum Decision and Order on each creditor at the address set forth in the proof of claim. In addition, the debtors shall provide notice of this Order to Discover Financial Services at an address that complies with Bankruptcy Rules 9014(b) and 7004; and

    5. The application for fees by counsel for the debtors is allowed in the amount of $315 and the balance of the fee request is DENIED.

    DATED this 21st day of January, 2005.

_____
KAREN A. OVERSTREET
UNITED STATES BANKRUPTCY JUDGE

MEMORANDUM DECISION AND ORDER - 8